CHARLES G. LAYBOURN v. E. F. ZINNS.[1]

May 19, 1905.

Nos. 14,369—(151).

**Contract—Evidence.**

> Certain correspondence considered, and *held* that it does not establish the contract alleged in the complaint whereby the defendant agreed to take from the plaintiff certain mining stock at one dollar per share and the plaintiff agreed to deliver it to him for that price.

Appeal by plaintiff from an order of the district court for Hennepin county, Brooks, J., denying a motion for a new trial, and from an order denying a motion to amend the findings of fact and conclusions of law. Affirmed.

*Charles G. Laybourn,* pro se.

- *Henry M. Farnam,* for respondent.

START, C. J.

Action to enforce the specific performance of an alleged contract for the sale and purchase of certain mining stock on the ground that it has no market or ascertainable value, and to recover the contract price. The complaint, so far as here material, alleged that the parties hereto on July 6, 1903, entered into a contract whereby the defendant agreed to take from the plaintiff the stock at a price of one dollar per share, and the plaintiff agreed to furnish and deliver the stock to the defendant for the agreed price, which was payable one-half in thirty

[1] Reported in 103 N. W. 563.

days and the balance in sixty days. Or, in other words, the plaintiff's cause of action is by the complaint based upon an alleged executory contract whereby the plaintiff agreed to sell and the defendant agreed to buy the stock at one dollar per share. The answer denied that the defendant ever made the contract. The cause was tried by the court without a jury, and findings of fact and conclusions of law were made and judgment directed in favor of the defendant dismissing the action. The plaintiff appealed from an order denying his motion for a new trial. The notice of appeal also purports to be from an order denying a motion to set aside the findings of fact and conclusions of law and substitute therefor others in plaintiff's favor.

The pivotal question presented by the record is whether the evidence establishes the contract alleged in the complaint. If it does, the plaintiff is entitled at least to a new trial; but, if it does not, then he is not prejudiced by any informality in the findings, for the defendant is, in any event, entitled to a dismissal of the action. The evidence on this question, and the whole thereof, consisted of three letters. The first was signed by the defendant, directed to and received by the plaintiff. It was in these words:

Houghton, Mich., July 6th, 1903.

Mr. Chas. G. Laybourn,
Minneapolis, Minn.

My dear Sir: I returned here safe. I will place the 5,000 shares of Black Eagle stock for you at $1.00 per share net to you—as talked about when with you—will send you one-half in thirty days, balance in 60 days. As soon as I can I will be pleased to join you in some of your other propositions, if you so wish. Please reply at your convenience.

Yours truly,<br>E. F. Zinns.

The second was the plaintiff's reply, in the words following, namely:

Minneapolis, Minn., July 8th, 1903.

E. F. Zinns, Esq.,
Houghton, Mich.

My dear Sir: I am in receipt of your letter of the 6th inst. in which you say you will place 5,000 shares, Black

Eagle, for me at $1.00 per share, net to me, paying one half in thirty, and the balance in sixty days. I accept the proposition and ask you to shove things right along, and I shall hope that in the near future you may be able to handle some other propositions for us. I am very sure we have an excellent investment in the Gold Bug Grizzly and will need some one like you to help finance the institution. I remain.

Yours very respectfully,

C. G. Laybourn.

The third was defendant's reply which was in these words:

Houghton, Mich., July 9th, 1903.

Mr. Chas. Laybourn,
Globe Building, Minneapolis, Minn.

My dear Sir: I am in receipt of your valued favor dated the 8th inst. and carefully note all you say. You may consider that your stock is disposed of as I will positively place it, and I think that I can make your remittance before thirty days. I will try to do so anyway. I thank you for your kind expressions and as soon as I am in a position to take up anything further in the way of promotion, I will certainly communicate with you, and Mr. Casseday, and I do not suppose there will be any trouble in arranging matters for our mutual interests. Hoping to hear from you often, I am,

Very kindly yours,

E. F. Zinns.

Now, do these letters establish or constitute the contract of sale and purchase of stock alleged in the complaint? This is the precise question, and not whether the letters constitute a contract, as plaintiff claims, for it is clear that, if they do not constitute a sale contract, they establish one of brokerage, as held by the learned trial judge. What the respective rights and liabilities of the parties to the contract are if it be one of brokerage does not concern us, for our duty is ended if the letters do not establish the contract alleged in the complaint. It is evident that the contract was concluded when the plaintiff's letter of acceptance was mailed to the defendant. The third letter,

however, may be considered in determining the character of the contract evidenced by the first and second letters. The defendant, by his first letter, offers to place the stock for the plaintiff for one dollar per share net to him, as previously talked about. If the defendant intended by this letter to make an offer to take from the plaintiff the stock—that is, to purchase it—at one dollar per share, he used very singular language to express his intention, instead of saying directly I will take your stock, as talked about, at one dollar per share, and will send you one-half in thirty and balance in sixty days.

Again, if the plaintiff understood the letter to be an offer to purchase his stock, he certainly used inept language to express his understanding. His reply interprets the defendant's offer as one to place the stock for him, and accepts the offer, and asks the defendant to shove things right along. Is this the language of a seller to a purchaser, or that of a principal to an agent? The language which the parties used in these letters is not consistent with the idea that the transaction between them was a sale and purchase of the stock. We therefore hold that the letters do not establish, or tend to establish, the contract alleged in the complaint.

Order affirmed.